■ KEVIN McMURRAY et al., Respondents, v P.S. ELEVATOR, INC., Defendant and Third-Party Plaintiff-Appellant. ONE SUTTON PLACE SOUTH CORP., Third-Party Defendant-Appellant. [638 NYS2d 720] —In a negligence action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Kitzes, J.), dated September 20, 1994, as, upon a jury verdict finding it 39% at fault in the happening of the accident and awarding the plaintiffs the sum of $3,515,231.30, is in favor of the plaintiffs and against it, and the third-party defendant separately appeals from so much of the judgment as, upon the jury verdict finding it 55% at fault in the happening of the accident is in favor of the defendant third-party plaintiff and against it directing the defen-

dant third-party plaintiff to recover from the third-party defendant up to 58.5% of the amount awarded to the plaintiffs.

Ordered that the judgment is reversed, on the law, and the complaint and third-party complaint are dismissed; and it is further,

Ordered that the appellants are awarded one bill of costs.

On the morning of September 21, 1985, the plaintiff Kevin McMurray, a porter employed by One Sutton Place South Corp. (hereinafter Sutton Place), was injured while operating a freight elevator inside his employer's building. According to McMurray, the accident occurred when the freight elevator suddenly shifted as he was reaching out to close its accordion style inner gate. The sudden movement caused McMurray to fall, and one of his legs became trapped between floors. Although inspections were performed shortly after the accident by both the defendant P.S. Elevator, Inc. (hereinafter P.S. Elevator), and the New York City Buildings Department, these inspections revealed no mechanical defects which could have permitted the elevator to move with its inner gate open, and thus cause the accident. The plaintiffs theorize, however, that the gate switch which should have prevented the elevator from operating unless the inner gate was closed must not have been working properly at the time of the accident, and as a result, the vibration caused when McMurray entered the elevator caused it to shift. In contrast, P.S. Elevator maintains that Sutton Place employees overrode the gate switch with rubber bands in order to allow the elevator to operate with its gate open.

On appeal, P.S. Elevator contends that the trial court erred in submitting the case to the jury on the theory of res ipsa loquitur because the plaintiffs failed to establish that the subject freight elevator was in P.S. Elevator's exclusive control. We agree. Although it is well settled that "in a proper case circumstantial evidence of an elevator door malfunction might be sufficient to permit the inference of negligent maintenance as to some mechanical device controlling the operation of the door over which only the defendant has control" (Cacciolo v Port Auth., 186 AD2d 528, citing Rogers v Dorchester Assocs., 32 NY2d 553), the necessary exclusive control over the maintenance of the subject elevator has not been shown here. To the contrary, the evidence adduced at trial demonstrated that there was no service contract between P.S. Elevator and the owner of the premises for routine and systematic inspection and maintenance of the freight elevators at One Sutton Place. Instead, the record reveals that the building's owner called

P.S. Elevator to correct specific problems, and that P.S. Elevator would either proceed to make minor repairs, or submit a proposal for more extensive repairs, which the building's agent could either accept or use to invite competing bids from other repair companies. Since P.S. Elevator was not charged with the duty of continued maintenance of the freight elevator, it was error to instruct the jury that it could circumstantially infer negligent maintenance and repair under the doctrine of res ipsa loquitur *(cf., Rogers v Dorchester Assocs., supra)*.

Furthermore, the plaintiffs failed to prove that P.S. Elevator was negligent in making any requested repairs to the elevator, and that this negligence was a proximate cause of the accident. Although P.S. Elevator responded to a complaint that the subject freight elevator was running slowly approximately one month before the accident, its employees made a minor repair to correct this acceleration problem, which was unrelated to the alleged malfunction of the gate switch which allegedly caused the accident. In the absence of a contract requiring P.S. Elevator to routinely inspect and maintain the elevator, it had no duty, as an independent repairer/contractor, to inspect the elevator for defects unrelated to the problem it was summoned to correct, and to warn the building's owner of any such defects *(see, Giustino v Hollymatic Corp.,* 202 AD2d 161; *Ayala v V & O Press Co.,* 126 AD2d 229, 235-236). Absent such a duty, or other proof of negligence, the judgment in favor of the plaintiffs and against P.S. Elevator must be reversed, and the complaint and third-party complaint dismissed. O'Brien, J. P., Copertino, Santucci and Krausman, JJ., concur.