■ JAMES NIVENS, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Defendant and Third-Party Plaintiff-Respondent-Appellant. OTIS ELEVATOR COMPANY, Third-Party Defendant-Appellant-Respondent. [667 NYS2d 415] —In an action to recover damages for personal injuries, the third-party defendant Otis Elevator Company appeals (1) from an interlocutory judgment of the Supreme Court, Kings County (Schneier, J.), dated April 19, 1996, which, after a trial on the issue of liability only, and upon a jury verdict finding the plaintiff 20% at fault, the defendant third-party plaintiff New York City Housing Authority 60% at fault, and the third-party defendant Otis Elevator Company 20% at fault in the happening of the accident, and upon the application of the defendant third-party plaintiff New York City Housing Authority, awarded judgment in favor of the defendant third-party plaintiff New York City Housing Authority and against it on the third-party complaint for indemnification, (2) as limited by its brief, from so much of a judgment of the same court, entered May 6, 1996, which, upon a jury verdict in favor of the plaintiff in the principal sum of $71,600, is in favor of the New York City Housing Authority and against it on the third-party complaint for indemnification of the 60% of the verdict attributable to the New York City Housing Authority, and (3), as limited by its brief, from so much of an order of the same court, dated July 1, 1996, as denied its motion to set aside so much of the verdict as found it to be 20% at fault in the happening of the accident, and for judgment in its favor as a matter of law. The defendant third-party plaintiff New York City Housing Authority cross-appeals from the judgment entered May 6, 1996.

Ordered that the cross appeal is dismissed for failure to perfect the same in accordance with the rules of this Court (22 NYCRR 670.8 [c]), and it is further,

Ordered that the appeal from the order dated April 19, 1996, is dismissed, and it is further,

Ordered that the judgment entered May 6, 1996, is reversed insofar as appealed from, the last decretal paragraph thereof is vacated and a decretal paragraph dismissing the third-party complaint is substituted therefor, and it is further,

Ordered that the appeal from the order dated July 1, 1996, is dismissed as academic, and it is further,

Ordered that the third-party defendant, Otis Elevator Company, is awarded one bill of costs payable by the defendant third-party plaintiff New York City Housing Authority.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

On March 15, 1986, the plaintiff sustained an injury to his finger when the door of an elevator which had become stuck slammed shut as he tried to pull it closed. The elevator was located on premises owned by the defendant third-party plaintiff New York City Housing Authority (hereinafter the NYCHA). The third-party defendant, Otis Elevator Company (hereinafter Otis) had a contract to service and repair the elevator at the subject premises.

Leonard Lavoro, the elevator inspector for the NYCHA testified that according to his daily reports he performed an inspection at the subject premises on either March 3, March 5, or March 7, 1986. Based on his inspection, he prepared a "punch list" of work necessary for the elevator's maintenance, which included the notation "raise lobby hatch door drags floor causes S/D". That punch list information was provided to Otis by letter dated March 13, 1986, and there is no proof that it was received prior to the occurrence of the accident at 9:00 A.M. on March 15, 1986. Moreover, Otis had 30 days from receipt of the notice of punch list items to respond.

There is no evidence to support the conclusion that prior work upon the elevator performed by Otis had any connection to the door's condition of dragging on the floor, or that the condition resulted from defective maintenance. Moreover, based upon the above-mentioned evidence, the record fails to support the conclusion that Otis had constructive notice of the condition. Therefore, the court improvidently exercised its discretion by denying Otis's motion to set aside the verdict (*see, Nicastro v Park,* 113 AD2d 129, 134). Further, since the NYCHA retained responsibility to inspect the elevators and inform Otis of necessary repairs, as well as to perform some

maintenance itself, this is not a case in which Otis's liability can be based on the agreement to handle all maintenance and inspection (*cf., Rogers v Dorchester Assocs.*, 32 NY2d 553).

The indemnification sought by the NYCHA from Otis is not for vicarious liability. Inasmuch as there is no evidence that Otis had notice of, or was responsible for causing the problem, the NYCHA's claim for indemnification cannot be sustained under the common law (*see, Mas v Two Bridges Assocs.*, 75 NY2d 680). The contractual indemnification provision does not call for Otis to indemnify the NYCHA for the liability arising from the fault attributed to the NYCHA by the jury. A contractual provision purporting to authorize indemnification of the NYCHA for its negligent acts or omissions would not be permissible pursuant to General Obligations Law § 5-322.1 (*see, Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 180). Bracken, J. P., Rosenblatt, Copertino and Luciano, JJ., concur.