■ LEATRICE MASSATO, Appellant, v SEARS ROEBUCK & COMPANY, Defendant, and OTIS ELEVATOR Co., Respondent. [708 NYS2d 333] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (J. Leone, J.), entered February 19, 1999, as granted the motion of the defendant Otis Elevator Co. for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the defendant Otis Elevator Co.

The defendant Sears Roebuck & Company (hereinafter Sears) contracted with the defendant Otis Elevator Co. (hereinafter Otis) to maintain its escalator in safe operating condition and to examine its safety devices periodically. Otis maintained a storage room at the Sears store, performed preventive maintenance regularly, and conducted inspections annually. Otis was the only company called by Sears for escalator repair work, and it ensured that the escalator was in compliance with all local laws and regulations. Therefore, contrary to the court's determination, Otis assumed full responsibility to maintain, repair, and inspect the escalator at Sears (*see, Rogers v Dorchester Assocs.,* 32 NY2d 553; *Birdsall v Montgomery Ward & Co.,* 109 AD2d 969, *affd* 65 NY2d 913; *cf., McMurray v P.S. El.,* 224 AD2d 668). In addition, issues of fact remain as to whether Otis was negligent for its alleged failure to install an alarmed, transparent cover over the escalator stop button, which might have prevented the accident at issue (*see, Alsaydi v GSL Enters.,* 238 AD2d 533). Santucci, J. P., Joy, Sullivan and Altman, JJ., concur.