■ Jean M. Austin, Appellant, v George Lambert et al., Respondents. [712 NYS2d 153] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Dutchess County (Hillery, J.),

dated June 10, 1999, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a mail carrier, was injured when she fell after delivering mail to the defendants' home, which had been on her regular route for at least seven years. The plaintiff claims that as she was walking down the defendants' front stairway, she fell when a portion of a brick step gave way.

A landowner cannot be held liable for an injury caused by an allegedly defective condition unless the plaintiff establishes that the landowner either created or had actual or constructive notice of the defective condition (see, Blaszczyk v Riccio, 266 AD2d 491; Freeman v Cobos, 240 AD2d 698). A defect must be visible, apparent, and exist for a sufficient length of time before the accident to permit the landowner to discover and remedy it.

After the defendants made out a prima facie case for summary judgment, the plaintiff failed to raise a triable issue of fact as to whether the defendants had actual or constructive notice of the allegedly defective condition. At her examination before trial, the plaintiff testified that she never had any difficulty using the front steps, either in the past or in the moments before the accident when she ascended the steps to deliver the mail. Accordingly, the Supreme Court properly granted summary judgment to the defendants. Ritter, J. P., Santucci, Florio and H. Miller, JJ., concur.