■ JOSE ALVAREZ et al., Respondents, v TELE-MECHANICS INC., Sued Herein as TELEMECHANICS, INC., et al., Respondents, COMMERCIAL ROOF SERVICES, Sued Herein as JOHN B. McGARRITY, Doing Business as COMMERCIAL ROOF SERVICE, Appellant, et al., Defendants. (And Related Third-Party Actions.) HARTFORD FIRE INSURANCE COMPANY, as Subrogee of TELEMECHANICS, INC., Respondent, v MIDDLE EARTH LIMITED PARTNERSHIP et al., Respondents, et al., Defendants. [713 NYS2d 765] —In related actions, *inter alia*, to recover damages for personal injuries and wrongful death, the defendant Commercial Roof Services, also s/h/a John B. McGarrity, d/b/a Commercial Roof Service, appeals from an order of the Supreme Court, Suffolk County (Oliver, J.), dated September 2, 1999, which denied its motion for summary judgment dismissing the complaints and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaints and all cross claims are dismissed insofar as asserted against the defendant Commercial Roof Services, and the actions against the remaining defendants and the third-party actions are severed.

The plaintiffs Jose Alvarez and Ulric Innocent were injured,

and Oscar Armando Rivera was killed, when the roof of a warehouse in which they were working collapsed on them. The collapse occurred about seven weeks after a truck had been driven into a pole which supported the warehouse roof. The defendant Custom Weld Industries, Inc. (hereinafter Custom Weld), the general contractor hired to install a temporary support pole and permanently repair the damage, hired the appellant to perform certain limited work in connection with the repair. Specifically, the appellant was to remove a piece of the roof and then replace that piece after Custom Weld installed a new permanent support pole. However, the day after the appellant was hired but before it commenced any work, the warehouse roof collapsed.

The Supreme Court improperly denied the appellant's motion for summary judgment. The issue of whether the appellant owed a duty of care is a legal issue to be decided by the court (*see, Eiseman v State of New York,* 70 NY2d 175, 187). The appellant did not assume a duty to inspect or maintain the roof by virtue of its agreement to remove and then replace a piece of the roof (*see, Girardi v Bank of N. Y. Co.,* 249 AD2d 443). Moreover, the appellant did not assume a duty to check for an impending collapse, or warn anyone of such a danger (*see, McMurray v P.S. El.,* 224 AD2d 668; *Giustino v Hollymatic Corp.,* 202 AD2d 161). Accordingly, the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it should have been granted. Mangano, P. J., S. Miller, Friedmann and Feuerstein, JJ., concur.