■ MICHAEL McKEON et al., Respondents, v TOWN OF OYSTER BAY et al., Appellants. (And a Third-Party Action.) [739 NYS2d 739] —In an action to recover damages for personal injuries, etc., the defendant Foresight Service Center and the defendant Town of Oyster Bay separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), entered December 13, 2000, as denied their motion and cross motion, respectively, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, the motion and cross motion are granted, and the complaint is dismissed.

The infant plaintiff allegedly sustained personal injuries when his finger became stuck in a cable and pulley mechanism of an electrical dinghy launch at the Theodore Roosevelt Boat Basin, which is owned and operated by the defendant Town of Oyster Bay. Using a cable, the dinghy launch lowers dinghies along a ramp from an upper dock on land to a floating dock below. According to the infant plaintiff, who was waiting on the floating dock for the dinghy, his finger became stuck after he pulled on the launch cable when he became "very impatient" while waiting for the dinghy.

The plaintiffs brought this action against the Town, alleging, inter alia, that it negligently maintained the dinghy launch. They subsequently amended their complaint to add as a defendant Foresight Service Center (hereinafter Foresight), which made occasional repairs to the dinghy launch pursuant to an oral agreement with the Town. Upon the completion of discovery, Foresight moved for summary judgment, inter alia, dismissing the complaint insofar as asserted against it on the ground that it owed no duty of care to the plaintiff. Subsequently, the Town cross-moved for the same relief, based on lack of notice of the allegedly dangerous condition. The Supreme Court denied the motion and the cross motion. We reverse and grant the motion and cross motion.

"In premises liability cases alleging an injury caused by a defective condition, the plaintiff must show that the landowner either created the defective condition, or had actual or construc-

tive notice of the defective condition for such a period of time that, in the exercise of reasonable care, it should have corrected it" (*Abrams v Powerhouse Gym Merrick,* 284 AD2d 487, 487-488; *see Austin v Lambert,* 275 AD2d 333). The Town established a prima facie case that it neither created nor had actual or constructive notice of the allegedly defective condition, and the plaintiffs failed to come forward with evidence sufficient to raise a triable issue of fact as to whether the Town either created or had notice of the condition (*see Abrams v Powerhouse Gym Merrick, supra* at 488; *Austin v Lambert, supra*).

Foresight was also entitled to summary judgment, as there was no evidence that the alleged defective condition was in any way connected to Foresight's work on the dinghy launch (*see Nivens v New York City Hous. Auth.,* 246 AD2d 520, 521; *McMurray v P.S. El.,* 224 AD2d 668). Further, since the Town retained responsibility to inspect the dinghy launch and inform Foresight of necessary repairs, Foresight's limited contractual undertaking is not a basis to impose liability upon it (*see Nivens v New York City Hous. Auth., supra*; *McMurray v P.S. El., supra*). Prudenti, P.J., Santucci, Florio and Friedmann, JJ., concur.