◼ SHENELLE JUNE et al., Respondents, v ROYDEN A. LETSEN et al., Defendants, and VALLEY FORGE IRON WORKS, INC., Appellant. [742 NYS2d 106] —In an action to recover damages for personal injuries, etc., the defendant Valley Forge Iron Works, Inc., appeals from an order of the Supreme Court, Westchester County (LaCava, J.), entered October 29, 2001, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiffs commenced this action seeking damages, inter alia, for personal injuries allegedly sustained by the infant plaintiff, Shenelle June, as the result of a slip and fall caused by a dangerous condition on the fire escape on her building. She sued the owner of the building, the maintenance man hired by the owner, and the appellant, Valley Forge Iron Works, Inc., a welding contractor hired by the owner to inspect and maintain the fire escape at the premises. The Supreme Court denied the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it. We reverse.

The appellant established that it was an independent repairer/contractor, which made occasional inspections of and repairs to the fire escape on the building at issue only when specifically requested to do so by the building owner. Thus, this is not a case in which liability can be imposed based upon an agreement to undertake routine, regular maintenance and inspection of the allegedly defective equipment or device (see McKeon v Town of Oyster Bay, 292 AD2d 574; Nivens v New York City Hous. Auth., 246 AD2d 520; compare Massato v Sears Roebuck & Co., 272 AD2d 453). Absent any proof that the appellant created the allegedly dangerous condition, or other evidence of negligence on its part, its motion for summary judgment should have been granted (see Giustino v Hollymatic Corp., 202 AD2d 161). Ritter, J.P., Goldstein, Luciano and Schmidt, JJ., concur.