SECOND DEPARTMENT, JANUARY, 2004

(January 12, 2004)

■ ANGELICA ALLEN, Respondent, v THOMPSON OVERHEAD DOOR Co., INC., Appellant. (Action No. 1.) ANGELICA ALLEN, Respondent, v CITY OF NEW YORK, Appellant. (Action No. 2.) [771 NYS2d 521]—

Motion by the appellant in Action No. 2, City of New York, for reargument of an appeal from a judgment of the Supreme Court, Kings County, entered October 19, 2000, which was determined by decision and order of this Court dated March 24, 2003.

Upon the papers filed in support of the motion, and the papers filed in opposition thereto, it is

Ordered that the motion is granted, and upon reargument, the decision and order of this Court dated March 24, 2003 (see Allen v Thompson Overhead Door Co., 303 AD2d 611 [2003]), is recalled and vacated, and the following decision and order is substituted therefor:

In two related actions to recover damages for personal injuries that were joined for trial, the defendant Thompson Overhead Door Co., Inc., and the defendant City of New York separately appeal from a judgment of the Supreme Court, Kings County (R.E. Rivera, J.), entered October 19, 2000, which, upon a jury verdict finding the defendant Thompson Overhead Door Co., Inc., 25% at fault in the happening of the accident, and the defendant City of New York 75% at fault in the happening of the accident, and awarding the plaintiff the sums of $100,000 for past pain and suffering and $200,000 for future pain and suffering, is in favor of the plaintiff and against the defendant Thompson Overhead Door Co., Inc., in the principal sum of $75,000, and against the defendant City of New York in the principal sum of $225,000. Justice Crane has been substituted for the late Justice O'Brien (see 22 NYCRR 670.1 [c]).

Ordered that the judgment is modified, on the law, by deleting the provisions thereof finding the defendant Thompson Overhead Door Co., Inc., 25% at fault in the happening of the accident, and the defendant City of New York 75% at fault in the happening of the accident and which was in favor of the plaintiff and against the defendant Thompson Overhead Door Co., Inc., in the principal sum of $75,000, and against the defendant City of New York in the principal sum of $225,000, and substituting therefor a provision finding the defendant Thompson Overhead Door Co., Inc., 0% at fault in the happening of

the accident and the defendant City of New York 100% at fault in the happening of the accident and dismissing the complaint insofar as asserted against the defendant Thompson Overhead Door Co., Inc., and a provision which is in favor of the plaintiff and against the defendant City of New York in the principal sum of $300,000; as so modified, the judgment is affirmed, with one bill of costs to the defendant Thompson Overhead Door Co., Inc., payable by the plaintiff, and one bill of costs to the plaintiff payable by the defendant City of New York.

Eric T. Allen, a New York City firefighter (hereinafter the plaintiff), and his engine company returned to their firehouse after responding to an alarm and observed that the garage door was two to three feet above the ground in an open position. A fellow firefighter crawled under the garage door and into the firehouse. Thereafter, the plaintiff began to crawl under the garage door. However, while the plaintiff was under the garage door, the door suddenly fell on his right foot, fracturing three of his toes.

The defendant Thompson Overhead Door Co., Inc. (hereinafter Thompson), installed the overhead garage door, but was not responsible for its routine inspection and maintenance. Rather, the City conceded at trial that, through the buildings unit of the fire department (hereinafter the FDNY), it was responsible for the routine inspection and maintenance of the door. Thompson provided repairs to the door only at the request of the FDNY, pursuant to a contract between Thompson and the FDNY. Although the evidence at trial established that Thompson made certain repairs to the garage door at the request of the FDNY before the date of the accident, with the last repair having been made approximately six months before the date of the accident, the plaintiff did not demonstrate that the malfunction of the garage door resulted from such repairs.

After the jury returned a verdict in favor of the plaintiff and against Thompson and the City, both defendants moved, among other things, to set aside the verdict. The Supreme Court denied the respective motions.

Liability cannot be imposed upon Thompson since it did not undertake a duty to routinely inspect and maintain the garage door under the contract with the FDNY, and the City retained responsibility to inspect and maintain the door and to inform Thompson of any needed repairs (see *June v Letsen,* 294 AD2d 334, 335 [2002]; *McKeon v Town of Oyster Bay,* 292 AD2d 574, 575 [2002]; *McMurray v P.S. El.,* 224 AD2d 668, 669-670 [1996]; *cf. Massato v Sears Roebuck & Co.,* 272 AD2d 453 [2000]). Accordingly, the action must be dismissed insofar as asserted

against Thompson since there was no proof that it negligently performed repairs or that it undertook a duty to routinely inspect and maintain the door.

The trial court, over the City's objection, delivered a res ipsa loquitur charge. In order to invoke the doctrine of res ipsa loquitur, the event (1) "must be of a kind [which] ordinarily does not occur in the absence of someone's negligence"; (2) "must be caused by an agency or instrumentality within the exclusive control of the defendant"; and (3) "must have not been due to any voluntary action or contribution on the part of the plaintiff" (*Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]; *cf. Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [1986]).

The trial court properly gave a res ipsa loquitur charge since the plaintiff established that the control of the garage door by the City, its employees and firefighters was of "sufficient exclusivity to fairly rule out the chance that the . . . defect . . . was caused by some agency other than [the City's] negligence" (*Dermatossian v New York City Tr. Auth., supra* at 228; *see Finocchio v Crest Hollow Club at Woodbury*, 184 AD2d 491, 492 [1992]; *cf. Raimondi v New York Racing Assn.*, 213 AD2d 708, 709 [1995]).

The City's remaining contentions are without merit. Santucci, J.P., Goldstein, Crane and Cozier, JJ., concur.