■ VINCENZO VENUTO et al., Respondents, v RCS ELECTRONIC EQUIPMENT CORPORATION, Appellant. (And a Third-Party Action.) [774 NYS2d 729]—

In an action to recover damages for personal injuries, etc., the

defendant appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated January 29, 2003, which granted the plaintiffs' motion for leave to reargue its motion for summary judgment dismissing the complaint, which was granted in a prior order of the same court dated June 3, 2002, and upon reargument, in effect, vacated the original determination and denied the motion.

Ordered that the order is modified, on the law, by deleting the provision thereof which, upon reargument, in effect, vacated the original determination and denied the motion for summary judgment dismissing the complaint and substituting therefor a provision, upon reargument, adhering to the original determination in the order dated June 3, 2002; as so modified, the order is affirmed, with costs to the appellant.

The plaintiff Vincenzo Venuto allegedly was injured when a forklift rolled and struck his left wrist despite the emergency/parking brake being engaged. He and his wife, asserting a derivative claim, commenced this action against RCS Electronic Equipment Corporation (hereinafter RCS) alleging, inter alia, that RCS was negligent in maintaining the forklift. By order dated June 3, 2002, RCS's motion for summary judgment dismissing the complaint was granted. Upon granting the plaintiffs' motion for leave to reargue, the Supreme Court, in effect, vacated the original determination and denied the motion. We modify.

The Supreme Court providently exercised its discretion in granting the plaintiffs' motion for leave to reargue (see CPLR 2221; *Loland v City of New York,* 212 AD2d 674 [1995]; *Foley v Roche,* 68 AD2d 558 [1979]). However, upon granting reargument, the Supreme Court erred in denying RCS's motion for summary judgment dismissing the complaint. In opposition to RCS's prima facie demonstration of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact that RCS negligently performed repairs, or had or undertook a duty to routinely inspect and maintain the forklift (*see Espinal v Melville Snow Contrs.,* 98 NY2d 136, 140 [2002]; *Allen v Thompson Overhead Door Co.,* 3 AD3d 462 [2004]; *June v Letsen,* 294 AD2d 334, 335 [2002]). Ritter, J.P., H. Miller, Crane and Cozier, JJ., concur.