(July 30, 2004)

■ JEROME CURIALE et al., Respondents-Appellants, v SHARROTTS WOODS, INC., et al., Appellants-Respondents, and DAN'S CARPENTRY et al., Respondents. (And Two Third-Party Actions.) [781 NYS2d 47]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendants Sharrotts Woods, Inc., and AVR Realty Company appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated March 28, 2003, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them and as granted the motion of the defendants Dan's Carpentry, Daniel Pilieri, and Daniel Pilieri, doing business as Dan's Carpentry, for summary judgment dismissing all cross claims insofar as asserted against them, and the plaintiffs cross-appeal from so much of the same order as granted the motion of the defendants Dan's Carpentry, Daniel Pilieri, and Daniel Pilieri, doing business as Dan's Carpentry,

for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendants Sharrotts Woods, Inc., and AVR Realty Company for summary judgment dismissing the complaint insofar as asserted against them and substituting therefor a provision granting the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the plaintiffs to the defendants appearing separately and filing separate briefs, and the complaint is dismissed in its entirety.

The injured plaintiff, Jerome Curiale, fell from a folding attic staircase while touring a model home constructed and owned by the defendants Sharrotts Woods, Inc. (hereinafter Sharrotts Woods), and AVR Realty Company (hereinafter AVR Realty). According to the injured plaintiff, the folding staircase appeared sturdy when he began to ascend it. However, as he neared the top of the staircase, its frame became at least partially unhinged from the ceiling, and the staircase collapsed. The staircase was a prefabricated unit which was installed approximately three years before the accident by the defendants Dan's Carpentry, Daniel Pilieri, and Daniel Pilieri, doing business as Dan's Carpentry (hereinafter the Dan's Carpentry defendants). After depositions were conducted, Sharrotts Woods and AVR Realty moved for summary judgment, contending that they did not have actual or constructive notice of any defect in the folding staircase, which had appeared to be in good condition before the accident. The Dan's Carpentry defendants separately moved for summary judgment, noting that they installed the prefabricated staircase with hardware supplied by Sharrotts Woods, and that they had no contractual obligation to repair or maintain the staircase. The Supreme Court denied the motion of Sharrotts Woods and AVR Realty, finding that there was a triable issue of fact as to whether those defendants negligently maintained the staircase. However, the Supreme Court granted summary judgment to the Dan's Carpentry defendants on the ground that the repair and maintenance of the staircase was entirely under the control of Sharrotts Woods.

On appeal, Sharrotts Woods and AVR Realty contend, inter alia, that the Supreme Court erred in denying their motion for summary judgment because there is no evidence that they had either actual or constructive notice of any defect in the folding staircase which could have caused it to collapse. We agree. An owner of premises cannot be held liable for injuries caused by an allegedly defective condition unless the plaintiff establishes

that the owner either created or had actual or constructive notice of the condition (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]). To constitute constructive notice, the defect must be visible and apparent, and it must exist for a sufficient length of time before the accident to permit the defendant an opportunity to discover and remedy it (*see Gordon v American Museum of Natural History, supra; Lee v Bethel First Pentecostal Church of Am.,* 304 AD2d 798, 799 [2003]). Moreover, constructive notice will not be imputed where a defect is latent and would not be discoverable upon reasonable inspection (*see Lee v Bethel First Pentecostal Church of Am., supra; Rapino v City of New York,* 299 AD2d 470 [2002]; *Ferris v County of Suffolk,* 174 AD2d 70, 76 [1992]). Here, Sharrotts Woods and AVR Realty made a prima facie showing of entitlement to summary judgment by submitting evidence which established that they neither created nor had actual or constructive notice of the latent defect which caused the staircase frame to detach from the ceiling. In opposition to the motion, the plaintiffs failed to offer evidence in admissible form sufficient to raise a triable issue of fact as to notice. Accordingly, the motion of Sharrotts Woods and AVR Realty for summary judgment should have been granted (*see Raykin v Trump Vil. Constr. Corp.,* 6 AD3d 418 [2004]; *Lee v Bethel First Pentecostal Church of Am., supra; Rapino v City of New York, supra; cf. Rabinowitz v City of New York,* 286 AD2d 724 [2001]).

Contrary to the plaintiffs' contention, the Supreme Court properly granted the motion of the Dan's Carpentry defendants for summary judgment. The Dan's Carpentry defendants sustained their initial burden of establishing their entitlement to judgment as a matter of law by submitting evidentiary proof that they properly installed the prefabricated staircase with hardware supplied by Sharrotts Woods, and that they had no contractual duty to inspect and maintain the staircase (*see Venuto v RCS Elec. Equip. Corp.,* 5 AD3d 672 [2004]; *Allen v Thompson Overhead Door Co.,* 3 AD3d 462, 463 [2004]; *June v Letsen,* 294 AD2d 334, 335 [2002]). Although the plaintiffs opposed the motion by submitting the affidavit of an architect who claimed that the staircase had not been properly installed, the expert's opinion was based upon photographs which did not depict the condition of the staircase at the time of the accident. Thus, the expert's affidavit failed to raise a triable issue of fact to defeat summary judgment (*see Leggio v Gearhart,* 294 AD2d 543, 544 [2002]; *Levitt v County of Suffolk,* 145 AD2d 414, 415 [1988]). Prudenti, P.J., Krausman, Townes and Spolzino, JJ., concur.