■ Curtis Wallace, Respondent, v Sitma U.S.A., Inc., Appellant. [910 NYS2d 136]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated June 2, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The defendant established its prima facie entitlement to judgment as a matter of law dismissing the plaintiff's cause of action alleging that he was injured as a result of a manufacturing defect in the machine he was operating, by demonstrating that the product was not defective when it left its control (see Mincieli v Pequa Indus., Inc., 56 AD3d 627 [2008]; Sabessar v Presto Sales & Serv., Inc., 45 AD3d 829 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff failed to come forward with competent evidence demonstrating

that the product had a specific flaw which caused the accident or, in the alternative, demonstrating that the machine did not perform as intended while excluding all possible causes for the malfunction not attributable to the defendant (*see Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 42 [2003]; *Riglioni v Chambers Ford Tractor Sales, Inc.*, 36 AD3d 785, 786 [2007]; *D'Auguste v Shanty Hollow Corp.*, 26 AD3d 403, 404 [2006]).

Further, the defendant established prima facie that the machine was not defectively designed, and it satisfied its duty to warn of latent dangers of the product. In opposition, the plaintiff relied upon an unsworn engineer's report, which was not competent proof of the assertions made therein (*see Peters v Colwell*, 61 AD3d 729, 731 [2009]). The plaintiff's submissions failed to raise a triable issue of fact as to whether the safety devices of the machine could be disabled without a material alteration of it (*see Lopez v Precision Papers*, 67 NY2d 871 [1986]; *Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 481 [1980]), or that the defendant violated any duty to warn.

The defendant also established its entitlement to judgment as a matter of law dismissing the causes of action alleging a breach of an express warranty and a breach of an implied warranty, and the plaintiff failed to raise a triable issue of fact in opposition thereto (*see Denny v Ford Motor Co.*, 87 NY2d 248, 259 [1995]; *Davis v New York City Hous. Auth.*, 246 AD2d 575, 576 [1998]).

The plaintiff's remaining contentions are without merit or need not be addressed in light of our determination. Fisher, J.P., Santucci, Eng and Sgroi, JJ., concur.