In an action to recover damages for personal injuries and wrongful death, the defendant G. Bauer, Inc., individually and doing business as Bauer Oil Burner Services, appeals from so much of an order of the Supreme Court, Kings County (Lewis, *931 J.), entered February 29, 2012, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendants 1528 Owners Corp. and Natari Realty Management Corp. cross-appeal from so much of the same order as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
Ordered that the order is reversed, on the law, with one bill of costs to the defendant G. Bauer, Inc., individually and doing business as Bauer Oil Burner Services, and the defendants 1528 Owners Corp. and Natari Realty Management Corp., appearing separately and filing separate briefs, payable by the plaintiff, and the motion and cross motion are granted.
On May 13, 2004, the plaintiff’s decedent, Max Mauskopf (hereinafter the decedent), was found alive in his bathtub, with burns on the left side of his body. There were no burns on the bottom of his feet or on his right side. The then-95-year-old decedent appeared “confused.” He was subsequently brought to a hospital, and more than one month later he died from complications resulting from those burns. There were no witnesses to the accident. The plaintiff commenced this wrongful death and personal injury action against, among others, the defendants 1528 Owners Corp. (hereinafter the owner), the owner of the building where the decedent lived, Natari Realty Management Corp. (hereinafter NRMC), which managed the subject building, and G. Bauer Inc., individually and doing business as Bauer Oil Burner Services (hereinafter Bauer), the company which serviced the boiler in the subject building on an as-needed basis. The plaintiff claims that the decedent told him at the hospital that the decedent was scalded by the hot water that came from the faucet in the bathtub.
The owner and NRMC established their prima facie entitlement to judgment as a matter of law by submitting a transcript of the deposition testimony of the plaintiff and various medical records demonstrating that the plaintiff could not identify the cause of the decedent’s injuries without resorting to speculation (see Califano v Maple Lanes, 91 AD3d 896, 897 [2012]; Rivera v Cicero, 294 AD2d 554 [2002]). The evidence submitted by the plaintiff in opposition was insufficient to raise a triable issue of fact. The only evidence submitted possibly linking the decedent’s injuries to the allegedly scalding bathtub water was the hearsay statement that the decedent allegedly made to the plaintiff, and such evidence, standing alone, was insufficient to defeat the summary judgment motion of the owner and NRMC (see Roldan v New York Univ., 81 AD3d 625, 627 [2011]). In addition, nei *932 ther an unsworn engineer’s report, nor a plumber’s affidavit based on personal observations made five years after the accident, raised a triable issue of fact (see Wallace v Sitma U.S.A., Inc., 77 AD3d 918, 919 [2010]; Roldan v New York Univ., 81 AD3d at 627). Accordingly, the Supreme Court should have granted the motion of the owner and NRMC for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
Furthermore, the Supreme Court erred in denying Bauer’s cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Whether that defendant owed a duty of care to the decedent is a question of law to be determined by the courts (see Alvarez v Tele-Mechanics Inc., 276 AD2d 513, 513-514 [2000]). Here, Bauer demonstrated its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that it owed no duty of care to the decedent. It is undisputed that Bauer never entered into a contract with the owner or NRMC for the routine and systematic inspection or maintenance of the building’s boiler system. Rather, NRMC called Bauer, an independent repairer/contractor, on an as-needed basis to make specific repairs. Additionally, although NRMC occasionally called Bauer to conduct annual municipally required inspections, there was no evidence to contradict Bauer’s contention that the inspection did not involve checking the mixing valve or water temperature (see Ledesma v Aragona Mgt. Group, 50 AD3d 510, 511 [2008]; Daniels v Kromo Lenox Assoc., 16 AD3d 111 [2005]; Allen v Thompson Overhead Door Co., 3 AD3d 462 [2004]; Stern v 522 Shore Rd. Owners, 237 AD2d 277 [1997]; McMurray v P.S. El., 224 AD2d 668 [1996]; Ayala v V & O Press Co., 126 AD2d 229 [1987]; Alvarez v Tele-Mechanics Inc., 276 AD2d at 514). In opposition to Bauer’s showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted Bauer’s cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Angiolillo, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.