■ MERCHANTS MUTUAL INSURANCE COMPANY, as Subrogee of W.C. Greens Corp., Respondent, v QUALITY SIGNS OF MIDDLE-TOWN, Appellant. [973 NYS2d 787]—

In a subrogation action to recover insurance benefits paid by

the plaintiff to its insured for injury to property, the defendant appeals from an order of the Supreme Court, Orange County (Marx, J.), dated October 2, 2012, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

On April 3, 2007, a commercial tenant in a building owned by the plaintiff's insured hired the defendant to replace the existing lettering of a fluorescent sign hanging outside the tenant's store. The defendant replaced the front of the sign as well as the light bulbs on that date. On September 26, 2008, a fire broke out in the building, which was insured by the plaintiff. The plaintiff thereafter paid benefits to its insured under the relevant policy of casualty insurance to compensate the insured for property damage.

The plaintiff, as subrogee of its insured, commenced this action against the defendant to recover the benefits it had paid to the insured, alleging that the defendant negligently caused or contributed to the fire. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion.

The elements of a cause of action alleging common-law negligence are a duty owed by the defendant to the plaintiff, a breach of that duty, and a showing that the breach of that duty proximately caused injury to the plaintiff (see Turcotte v Fell, 68 NY2d 432, 437 [1986]; Kraut v City of New York, 85 AD3d 979, 980 [2011]; Jiminez v Shahid, 83 AD3d 900, 901 [2011]; Ruiz v Griffin, 71 AD3d 1112, 1114 [2010]). "The existence and scope of an alleged tortfeasor's duty is, in the first instance, a legal question for determination by the court" (Di Ponzio v Riordan, 89 NY2d 578, 583 [1997]; see Sanchez v State of New York, 99 NY2d 247, 252 [2002]; Eiseman v State of New York, 70 NY2d 175, 187 [1987]; Mauskopf v 1528 Owners Corp., 102 AD3d 930, 932 [2013]; Demshick v Community Hous. Mgt. Corp., 34 AD3d 518, 519-520 [2006]; Alvarez v Tele-Mechanics Inc., 276 AD2d 513, 514 [2000]). "In the absence of a contract for routine or systematic maintenance, an independent repairer/contractor has no duty to install safety devices or to inspect or warn of any purported defects" (Daniels v Kromo Lenox Assoc., 16 AD3d 111, 112 [2005]; see Mauskopf v 1528 Owners Corp., 102 AD3d at 932; Bevilacqua v Bloomberg, L.P., 70 AD3d 411, 412 [2010]; Ledesma v Aragona Mgt. Group, 50 AD3d 510, 510 [2008]; McMurray v P.S. El., 224 AD2d 668 [1996]). Further, absent such a duty, or proof of negligence with regard to the performance of

the repairs the independent repairer/contractor was hired to do, the independent repairer/contractor cannot be held liable for damages caused by the malfunction of the mechanism it had been hired to repair (*see Mauskopf v 1528 Owners Corp.*, 102 AD3d at 932; *Allen v Thompson Overhead Door Co.*, 3 AD3d 462, 464-465 [2004]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law. In its complaint and bill of particulars, the plaintiff alleged that the defendant was negligent in failing to install a proper nonmetallic sheathed cable (hereinafter NM cable) or having moved existing NM cable during its repair so that water was permitted to intrude into the sign, thus eventually causing the fire. However, the defendant's invoice for the work performed and the deposition testimony of the defendant's owner demonstrated that the defendant's work was limited to replacing the face of the sign and installing new bulbs, and did not involve the NM cable. Moreover, the defendant's owner testified at his deposition that he did not notice anything wrong with the sign on the date of the repair while the face of the sign was off.

In opposition to the defendant's prima facie showing, the plaintiff tendered no evidence demonstrating that the defendant negligently performed any of the repairs it had been hired to make to the fluorescent sign (*see Kleinberg v City of New York*, 27 AD3d 317, 317 [2006]), and failed to controvert the deposition testimony of the defendant's owner as to the absence of a defect in the sign. Rather, the plaintiff submitted an affidavit from an expert, who opined that the defendant was negligent in failing to observe that an NM cable connector was missing where the cable entered the rear of the sign and in failing to correct this hazard while it serviced the sign. The defendant, however, did not have a duty to install safety devices or to inspect or warn of any purported defects in the sign that were unrelated to the installation of the new face and the light bulbs, since it did not enter into a contract to provide routine or systematic inspection or maintenance of the sign. Accordingly, the plaintiff did not raise a triable issue of fact as to whether the defendant was negligent in failing to observe the alleged absence of the NM cable or in failing to correct this defect in the course of its work (*see Vermette v Kenworth Truck Co.*, 68 NY2d 714, 717 [1986]; *Mauskopf v 1528 Owners Corp.*, 102 AD3d at 932; *McKeon v Town of Oyster Bay*, 292 AD2d 574, 575 [2002]; *McMurray v P.S. El.*, 224 AD2d at 670; *see also Ayala v V & O Press Co.*, 126 AD2d 229, 235-236 [1987]). "To hold [the defendant liable] would be to expose to liability every contractor who,

over the lifetime of a product, repairs it in even the slightest way, simply upon the premise that the contractor ought to have warned of a dangerous condition" (*Ayala v V & O Press Co.*, 126 AD2d at 237).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Leventhal, Austin and Roman, JJ., concur.