ALLAN SINCLAIR et al., Appellants, v DAM B. CHAU et al., Respondents. [985 NYS2d 267]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Marber, J.), dated May 15, 2013, which, upon an or-

der of the same court entered February 19, 2013, granting the defendants' motion for summary judgment dismissing the complaint, in favor of the defendants and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On March 10, 2009, the plaintiff Allan Sinclair (hereinafter the injured plaintiff), a mail carrier with the United States Postal Service, allegedly was injured while delivering mail at the premises owned by the defendants when a portion of the front lawn gave way under the injured plaintiff's right leg, causing his foot to sink into a hole. The injured plaintiff, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries against the defendants. After issue was joined, the defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.

"In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (*Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560, 560 [2005]; *see Kruger v Donzelli Realty Corp.*, 111 AD3d 897, 898 [2013], *lv denied* 22 NY3d 864 [2014]). In a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the defective condition nor had actual or constructive notice of its existence (*see Kruger v Donzelli Realty Corp.*, 111 AD3d at 898; *Minor v 1265 Morrison, LLC*, 96 AD3d 1024, 1024 [2012]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598 [2008]; *Austin v Lambert*, 275 AD2d 333, 334 [2000]). A defendant has constructive notice of a defective condition on property when the condition is visible and apparent, and has existed for a length of time sufficient to afford the defendant a reasonable opportunity to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Minor v 1265 Morrison, LLC*, 96 AD3d at 1025; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d at 598; *Austin v Lambert*, 275 AD2d at 334).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence that they neither created nor had actual or constructive notice of the defective condition before the alleged incident. In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' mo-

tion for summary judgment dismissing the complaint. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.