■ CHRIS LAGMAN, Appellant, v OVERHEAD DOOR CORPORATION, Defendant, and LIBERTY OVERHEAD DOORS, INC., Respondent. [9 NYS3d 147]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), dated May 24, 2013, as granted that branch of the motion of the defendant Liberty Overhead Doors, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when an overhead garage door fell and struck him on the head at his place of employment. He commenced this action against Liberty Overhead Doors, Inc. (hereinafter Liberty), among others, to recover damages for personal injuries. After the completion of discovery, Liberty moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court, among other things, granted that branch of Liberty's motion, and the plaintiff appeals from that portion of the order.

The Supreme Court properly granted that branch of Liberty's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Liberty established, prima facie, that it owed no duty of care to the plaintiff by submitting evidence demonstrating that it was an independent repairer/contractor that had never entered into a contract with the plaintiff's employer to provide routine or systematic inspection or maintenance of the subject door, and that it only

performed work on the door on an as-needed basis, as determined by the plaintiff's employer. Under such circumstances, Liberty owed no duty of care to the plaintiff (*see Merchants Mut. Ins. Co. v Quality Signs of Middletown*, 110 AD3d 1042, 1043 [2013]; *Mauskopf v 1528 Owners Corp.*, 102 AD3d 930, 932 [2013]). Liberty also established, prima facie, that it was not negligent in the work that it performed on the subject door six days prior to the plaintiff's accident, and that the work that it performed was unrelated to the condition or defect that allegedly caused the subject door to fall. Absent proof of a duty or negligence in connection with its repairs, Liberty cannot be held liable (*see Allen v Thompson Overhead Door Co.*, 3 AD3d 462, 464-465 [2004]).

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's expert's affidavit was speculative, conclusory, and assumed facts not supported by the evidence (*see Lopez v Retail Prop. Trust*, 118 AD3d 676 [2014]; *Fenty v Seven Meadows Farms, Inc.*, 108 AD3d 588 [2013]; *Espinal v Jamaica Hosp. Med. Ctr.*, 71 AD3d 723 [2010]).

Accordingly, the Supreme Court properly granted that branch of Liberty's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.P., Leventhal, Austin and LaSalle, JJ., concur.