Samuels v Lee (2018 NY Slip Op 02716)





Samuels v Lee


2018 NY Slip Op 02716


Decided on April 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 19, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Oing, Singh, JJ.


6333 154383/13

[*1]Antonie Samuels, et al., Plaintiffs-Appellants,
v
Spruyt E. Lee, et al., Defendants-Respondents.


Parker Waichman LLP, Port Washington (Jay L.T. Breakstone of counsel), for appellants.
Steven F. Goldstein, L.L.P, Carle Place (Steven F. Goldstein of counsel), for respondents.



Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered June 2, 2016, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff Antonie Samuels (plaintiff) was injured when the front door to defendants' premises allegedly closed too fast, causing the sharp, "jagged" bottom of the door to strike and cut her heel.
Defendants established prima facie that they neither created nor had notice of the defect in the door (see Branham v Loews Orpheum Cinemas, Inc., 8 NY3d 931 [2007]; Harrison v New York City Tr. Auth., 113 AD3d 472 [1st Dept 2014]). They submitted evidence that an outside contractor installed the door in 2008, that defendant Art Farm's manager inspected it at that time and saw no jagged edge or other visible defect, and tested it to ensure that it opened and closed properly, and that, before plaintiff's accident, there had been no reports of difficulties with the door or complaints of injuries.
In opposition, plaintiffs failed to raise an issue of fact as to defendants' creation or notice of the defect. There is no evidence that anyone ever saw or reported the door's sharp, jagged bottom edge until after plaintiff's accident, and therefore no evidence that the defect existed long enough for defendants to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; Curiale v Sharrotts Woods, Inc., 9 AD3d 473, 475 [2d Dept 2004]). Nor does the affidavit by plaintiff's expert engineer raise any issues of fact. The engineer offered no opinion about the alleged jagged edge, which did not exist at the time of his inspection of the door nearly three years after the accident.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 19, 2018
CLERK