Rampersaud v Hsieh Hsu Mach. Co., Ltd. (2021 NY Slip Op 04385)





Rampersaud v Hsieh Hsu Mach. Co., Ltd.


2021 NY Slip Op 04385


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-09113
 (Index No. 206/09)

[*1]Rudenauth Rampersaud, et al., plaintiffs,
v
Hsieh Hsu Machinery Co., Ltd., appellant, Orbit Electrical Services Corp., respondent, et al., defendants (and a third-party action).


Henrichsen Siegel, PLLC, New York, NY (Chiung-hui Huang of counsel), for appellant.
Kevin J. Philbin, New York, NY (Virginia McDonald and Kimberly A. Miller of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Hsieh Hsu Machinery Co., Ltd., appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated August 3, 2017. The order granted the motion of the defendant Orbit Electrical Services Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendant Orbit Electrical Services Corp. which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the defendant Hsieh Hsu Machinery Co., Ltd., is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Orbit Electrical Services Corp.
On or about January 24, 2006, the plaintiff Rudenauth Rampersaud (hereinafter the injured plaintiff) allegedly was injured during the course of his employment with the third-party defendant, Ares Printing and Packaging Corporation (hereinafter Ares), when he attempted to clean the glue roll of a corrugator machine with a cloth by placing his left hand between the glue roll and a rotating cylinder while the machine was operating. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries against, among others, Hsieh Hsu Machinery Co., Ltd. (hereinafter Hsieh), the manufacturer of the corrugator machine, and Orbit Electrical Services Corp. (hereinafter Orbit), which serviced various machines owned and operated by Ares. Hsieh asserted cross claims against Orbit for indemnification and/or contribution. Thereafter, Orbit moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In an order dated August 3, 2017, the Supreme Court granted Orbit's motion. Hsieh appeals.
"The elements of a cause of action alleging common-law negligence are a duty owed by the defendant to the plaintiff, a breach of that duty, and a showing that the breach of that duty proximately caused injury to the plaintiff" (Merchants Mut. Ins. Co. v Quality Signs of Middletown, 110 AD3d 1042, 1043; see Turcotte v Fell, 68 NY2d 432, 437). "In the absence of a contract for routine or systematic maintenance, an independent repairer/contractor has no duty to install safety devices or to inspect or warn of any purported defects" (Daniels v Kromo Lenox Assoc., 16 AD3d 111, 112; see Merchants Mut. Ins. Co. v Quality Signs of Middletown, 110 AD3d at 1043). "Further, absent such a duty, or proof of negligence with regard to the performance of the repairs the independent repairer/contractor was hired to do, the independent repairer/contractor cannot be held liable for damages caused by the malfunction of the mechanism it had been hired to repair" (Merchants Mut. Ins. Co. v Quality Signs of Middletown, 110 AD3d at 1043-1044; see Allen v Thompson Overhead Door Co., 3 AD3d 462, 465).
Here, Orbit established its prima facie entitlement to judgment as a matter of law by demonstrating that it was an independent repairer/contractor, which had never entered into a contract with Ares to provide routine or systematic inspection or maintenance of the corrugator machine, that it only performed work on the machine on an as-needed basis as determined by Ares, and that it had not negligently performed any work on the machine prior to the accident (see Lagman v Overhead Door Corp., 128 AD3d 778, 778-779; Merchants Mut. Ins. Co. v Quality Signs of Middletown, 110 AD3d at 1043). In opposition, Hsieh failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly granted that branch of Orbit's motion which was for summary judgment dismissing all cross claims insofar as asserted against it.
RIVERA, J.P., BARROS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court