■ EDUARDO ROSA et al., Appellants, v MID HUDSON CLARK-LIFT, Respondent and Third-Party Plaintiff-Respondent. ATLANTIC AND PACIFIC BEDDING COMPANY, Doing Business as HILLSIDE BEDDING COMPANY, Third-Party Defendant-Respondent. [703 NYS2d 122] —Order, Supreme Court, Bronx County (Lottie Wilkins, J.), entered July 10, 1998, which granted the motion of defendant Mid Hudson Clarklift for summary judgment dismissing the complaint, and granted the cross motion by third-party defendant Hillside Bedding Company for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.

In the absence of evidence of a routine or systematic maintenance contract between defendant, an independent repairer/contractor, and plaintiff's employer, third-party defendant Hillside, plaintiff has failed to establish that defendant had any duty to install the safety devices at issue, or to inspect, or to warn plaintiff's employer of any purported defect (see, Giustino v Hollymatic Corp., 202 AD2d 161). It follows that there exists no basis to find such a duty running from defendant to plaintiff. Nor do we perceive sufficient basis for plaintiff's claim that defendant abused the discovery process and/or withheld evidence. Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Wallach and Rubin, JJ.