■ SEAN DANIELS, an Infant, by His Mother and Natural Guardian, LINDA DANIELS, Appellant, v KROMO LENOX ASSOCIATES et al., Defendants, and A.L. EASTMOND AND SONS, INC., et al., Respondents. [791 NYS2d 17]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered on or about December 22, 2003, which, in an action for personal injuries sustained by plaintiff infant when he fell into a bathtub filled with scalding water, insofar as appealed from, granted motions by defendants-respondents boiler contractors and the City of New York for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to deny the City's motion, and otherwise affirmed, without costs.

The boiler defendants were properly granted summary judgment upon evidence demonstrating that they were hired to and did replace the boiler's coil, not the mixing valve that caused plaintiff's scalding injury. In the absence of a contract for routine or systematic maintenance, an independent repairer/contractor has no duty to install safety devices or to inspect or warn of any purported defects (*see Rosa v Mid Hudson Clarklift*, 269 AD2d 266 [2000]). There is no evidence that these contractors performed any regular inspections or service of the boiler or any work on the mixing valve. Concerning the City, this Court, on a prior appeal, reversed an order denying plaintiff leave to amend the complaint so as to add the City as a defendant, based on "the presence of at least some evidence of the City's voluntary assumption of a responsibility to plaintiff" (275 AD2d 608 [2000]). Such evidence remains unrefuted, and indeed for the most part, undisputed, and, at the least, raises a triable issue of fact as to the existence of a special relationship. Concur—Andrias, J.P., Saxe, Ellerin, Sweeny and Catterson, JJ.