■ KORY KLEINBERG et al., Respondents, v CITY OF NEW YORK et al., Defendants, TRIBORO BRIDGE AND TUNNEL AUTHORITY et al., Respondents, and B&G ELEVATOR, INC., Appellant. RONALD VILLA et al., Respondents, v CITY OF NEW YORK et al., Defendants, TRIBORO BRIDGE AND TUNNEL AUTHORITY et al., Respondents, and B&G ELEVATOR, INC., Appellant. TRIBORO BRIDGE AND TUNNEL AUTHORITY et al., Third-Party Plaintiffs-Respondents, v KLEINBERG ELECTRIC, INC., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Sued Herein as TRIBORO BRIDGE AND TUNNEL AUTHORITY, et al., Third Third-Party Plaintiffs-Respondents, v WASHINGTON GROUP INTERNATIONAL, INC., Third Third-Party Defendant-Respondent. [811 NYS2d 642]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered September 15, 2004, which denied defendant B&G's motion for summary judgment dismissing all causes of action and cross claims against it, unanimously reversed, on the law, without costs, the motion granted and the complaint and all cross claims dismissed as against defendant B&G Elevator. The Clerk is directed to enter judgment accordingly.

B&G's motion for summary judgment dismissing all claims and cross claims against it should have been granted. In the absence of a contract for routine or systematic maintenance, an independent repairer/contractor has no duty to install safety devices or to inspect or warn of any purported defects (*see Daniels v Kromo Lenox Assoc.*, 16 AD3d 111 [2005]; *Rosa v Mid Hudson Clarklift*, 269 AD2d 266 [2000]). B&G had no duty to inspect the elevator for defects unrelated to the problem it was summoned to correct, or to warn of any such defects.

Moreover, plaintiff failed to submit evidence showing that B&G's repairs were performed negligently or in any way had a

causal relation to the accident. The expert's affidavit submitted by plaintiffs does not establish grounds for liability because his opinions are vague, conclusory and factually unsupported (*see Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712 [2005]; *Simo v New York City Tr. Auth.*, 13 AD3d 609 [2004]). He merely assumed the ultimate fact of causation by stating that a burned up "A" coil was "allegedly" the cause of the overspeed, without even asserting that this assumption was correct. Because he based his theories on this assumption, his proffered opinion as to B&G's purported role in causing the accident is insufficient to create an issue of fact as to whether B&G's actions were the cause of the elevator's failure.

Furthermore, the expert's opinion that B&G may have acted negligently when it replaced the rectifier more than 60 days prior to the accident, is factually unsupportable since there is no proof that B&G did not make voltage adjustments, monthly maintenance was performed on the elevator on two intervening occasions, and no problems were reported relating to B&G's work. While the expert suggested that excessive voltage may cause a coil to overheat and fail, he does not offer a professional opinion that this is what in fact occurred in this case.

Finally, there is no evidence that B&G acted negligently with respect to the "A" coil. The testimony of the B&G employee who repaired the elevator's reverse phase relay on July 12, 1999, was merely that he had no recollection, not that he did not inspect the "A" coil; furthermore, he specifically testified that he did not observe anything unusual about the condition of the "A" coil on July 12, 1999. Nor is there any evidence tending to show that the "A" coil was smoking or otherwise malfunctioning on that date. Testimony regarding the use of a continuity test does not establish that it could be used to determine in advance that an "A" coil would fail in a few days; indeed, the only testimony in that regard was that "[t]hey're either working or they're not."

Accordingly, defendant B&G having established entitlement to summary judgment dismissing the claims against it, and plaintiff having failed to demonstrate the existence of an issue of fact precluding summary judgment, the motion is granted. Concur—Saxe, J.P., Marlow, Gonzalez, Catterson and McGuire, JJ.