■ MORAIS REMEKIE et al., Plaintiffs, v THE 740 CORPORATION, Defendant. THE 740 CORPORATION, Third-Party Plaintiff-Respondent, v LICO CONTRACTING, INC., Third-Party Defendant, and OTIS ELEVATOR COMPANY, Third-Party Defendant-Appellant. THE 740 CORPORATION, Second Third-Party Plaintiff-Respondent, v THOMAS J. TISCH et al., Second Third-Party Defendants-Appellants. [861 NYS2d 618]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered February 13, 2007, which denied the motions of third-party defendant Otis Elevator Company (Otis) and second third-party defendants (Tisch) for summary judgment dismissing the third-party complaint and the second third-party complaint, respectively, and all cross claims as against them, unanimously modified, on the law, Otis's motion granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Defendant building owner, the 740 Corporation (740 Corp.), did not submit competent proof to controvert Otis's expert evidence that the freight elevator in question was not defective at the time plaintiff worker was injured (*see generally Nazario v St. Barnabas Hosp.*, 34 AD3d 345 [2006]). Nor did it offer proof to show that Otis had actual or constructive notice of any alleged defective condition (*see Parris v Port of N.Y. Auth.*, 47 AD3d 460 [2008]; *Gjonaj v Otis El. Co.*, 38 AD3d 384 [2007]). The elevator service agreement between 740 Corp. and Otis did not include the freight elevator in question, and testimony that Otis may have inspected the freight elevator pursuant to 740 Corp.'s verbal request was too vague and nonspecific as to the time frame of the alleged request to raise an issue of fact as to

liability on such grounds. In the absence of a contract for routine or systematic maintenance, an independent repair contractor has no duty to inspect or warn of any purported defects (*see Daniels v Kromo Lenox Assoc.*, 16 AD3d 111 [2005]).

Tisch's motion was properly denied. The plain language of the indemnification provision in the alteration agreement between 740 Corp. and Tisch, as owners of a duplex under renovation, provided that Tisch would be liable for "all" injury to persons or property "in the [b]uilding," arising out of the renovation work. Plaintiff was injured in the building while removing refuse from the renovation, which work was within the scope of the agreement between Tisch and the contractor, plaintiff's employer. Tisch's interpretation of the indemnification provision as restricting indemnification to liabilities that arise after the renovation work has been completed fails when the whole provision is read in context; furthermore, it is an attempt to create an ambiguity where none exists (*see U.S.B.M. Realty Co., Inc. v Studio MacBeth, Inc.*, 46 AD3d 317 [2007]).

We reject 740 Corp.'s request that we search the record and find that it is entitled to summary judgment on its contractual indemnification claim. 740 Corp. has not demonstrated, as a matter of law, that it is free of any negligence that might have contributed to plaintiff's injury. The conflict in testimony between plaintiff and his coworker as to the cause of the accident, as well as the inspection and condition of the elevator, creates issues of fact which cannot be resolved on this motion. Concur—Lippman, P.J., Tom, Gonzalez, Buckley and Catterson, JJ.