■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAWUD MCKELVIN, Appellant. [7 NYS3d 94]—

Order, Supreme Court, Bronx County (Megan Tallmer, J.), entered on or about March 28, 2013, which adjudicated defendant a level three sexual offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of reducing the adjudication to that of a level two offender, and otherwise affirmed, without costs.

Initially, we note that defendant's correct point score is 95, supporting a presumptive level two adjudication. To the extent that the People and defendant are arguing, respectively, that points should be added or subtracted, we find those arguments to be unavailing.

The court erred in finding that defendant's mental retardation warranted an upward departure to level three. The essence of the court's reasoning was that defendant lacked the ability to appreciate the inappropriateness of his actions, or could not control his impulsive behavior. A departure from the presumptive risk level is warranted "where there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (*People v Johnson*, 11 NY3d 416, 421 [2008] [internal quotation marks omitted]). The guidelines clearly provide for an automatic override to a presumptive level three designation where there has been a clinical assessment that the offender has a psychological, physical, or organic abnormality that decreases his ability to control impulsive sexual behavior. Here, no such clinical assessment has been made, and thus an upward departure on this basis was improper (*see People v Chandler*, 48 AD3d 770 [2d Dept 2008]). To the extent the upward departure was based on factors other than defendant's mental retardation, those factors were adequately taken into account by the guidelines, or were not established by clear and convincing evidence. In any event, the upward departure was an improvident exercise of discretion.

We perceive no basis for a downward departure to level one (*see People v Gillotti*, 23 NY3d 841 [2014]). Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Kapnick, JJ.

■ RICHARD ARGENTINA et al., Appellants, v 681 FIFTH AVENUE LLC et al., Respondents. [7 NYS3d 95]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered September 27, 2013, which, to the extent appealed from as limited by the briefs, granted defendant Skyline Windows, LLC's motion for summary judgment dismissing the complaint as to it, and all cross claims, unanimously reversed, on the law, without costs, the motion denied, and the complaint as against Skyline, and all cross claims, reinstated.

Plaintiff Richard Argentina and his wife, suing derivatively, commenced this action for injuries that plaintiff, a laborer on a construction projct, received while attempting to dispose of an old window that had been removed. Employees of defendant Skyline Windows, LLC had cut the windows with a reciprocating saw to remove them from the wall, and a shard of glass dislodged from a cut window as plaintiff was carrying it, injuring him.

Questions of fact exist as to whether Skyline's alleged failure to tape the glass on the windows before cutting and removing them was negligent. In support of its assertion that its contract with building owner 681 Fifth Avenue LLC created no duty to plaintiff to tape the windows, Skyline relies on inapposite authority holding that a contractor has no duty to perform work beyond the scope of its contract, to detect unrelated defects (*see Kleinberg v City of New York*, 27 AD3d 317 [1st Dept 2006]; *Quinones v City of New York*, 105 AD3d 932, 933-934 [2d Dept 2013]). That is not the case here, where the allegations against Skyline arise from its purportedly negligent performance of work it did perform. It had a duty to perform its work in a safe manner that did not unreasonably expose others to danger (*Vega v S.S.A. Props., Inc.*, 13 AD3d 298, 302 [1st Dept 2004]). While Skyline owed no contractual duty to plaintiffs regarding the performance of its work, it may nevertheless be liable to them in tort to the extent that its negligent performance of the duties that it performed, pursuant to its contract with defendant building owner, created a dangerous condition that injured plaintiff (*id.*; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]).

Skyline's cross claim for common law and/or contractual indemnification was dismissed solely as a consequence of the dismissal of plaintiff's complaint, and not on the merits. As such, we reject 681 Fifth Avenue LLC's request that Skyline's cross claim against it be dismissed, even if the complaint is reinstated. Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Kapnick, JJ.