▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CORN, Appellant. [8 NYS3d 322]—

Order, Supreme Court, New York County (Arlene D. Goldberg, J.), entered on or about March 6, 2013, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The People met their burden of establishing, by clear and convincing evidence, risk factors sufficient to establish a total point score of 105, yielding a presumptive level two sex offender adjudication. Clear and convincing evidence supported the court's assessment of 15 points under the risk factor for lack of supervised release, "based upon the absence of release conditions that will minimize the risk of repeat offenses" (*People v Lewis*, 37 AD3d 689, 690 [2d Dept 2007], *lv denied* 8 NY3d 814 [2007]). Defendant's "contention that assessing points for both unsatisfactory conduct while supervised and release without supervision constitutes 'double counting' is without

merit" (*People v Farahat*, 78 AD3d 805 [2d Dept 2010], *lv denied* 16 NY3d 705 [2011]).

Clear and convincing evidence also supported the assessment of 20 points under the risk factor for relationship with victim, i.e., that defendant and the victim were strangers. Defendant's statement and other documents supported an inference that defendant and the victim met for the first time on the night of the incident, and were thus strangers within the meaning of the risk factor (*see People v Mabee*, 69 AD3d 820 [2d Dept 2010], *lv denied* 15 NY3d 703 [2010]).

Since defendant concedes that 60 points were correctly assessed, his challenge to the assessment of 10 points under the risk factor for use of forcible compulsion is academic since the subtraction of those points could not affect the presumptive risk level. In any event, the court properly assessed those 10 points since several documents in the record setting forth the victim's account of the offense established that defendant used forcible compulsion (*see People v Mingo*, 12 NY3d 563, 573-574 [2009]). We have considered and rejected defendant's remaining arguments regarding the assessment of points.

Although defendant is correct that the court should have applied a preponderance of the evidence standard (*see People v Gillotti*, 23 NY3d 841, 860-861 [2014]), "application of such a standard would not have affected the result because defendant failed to establish that the mitigating factors he alleged were of a kind or to a degree not adequately taken into account by the guidelines" (*People v Graves*, 121 AD3d 504 [1st Dept 2014]). The factors cited by defendant, including his age and his lack of other sex offenses, are outweighed by, among other things, the seriousness of the offense and defendant's extensive criminal record, including his history of absconding and failing to comply with various forms of supervision, including the sex offender registration requirements that had already been imposed in the state where he committed the underlying sex offense (*see People v Gonell*, 125 AD3d 545 [1st Dept 2015]; *People v Montgomery*, 117 AD3d 521 [1st Dept 2014], *lv denied* 24 NY3d 902 [2014]). Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Clark, JJ.