■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS CRUZ, Appellant. [34 NYS3d 5]—

Order, Supreme Court, New York County (Robert Mandelbaum, J.), entered or about January 5, 2015, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The court correctly assessed 15 points under the risk factor for history of drug or alcohol abuse. Defendant's three drug convictions were not unduly remote in time. Defendant's alleged prolonged abstinence from drugs is an unreliable predic-

tor of his risk of reoffense, or his potential threat to public safety, because defendant was incarcerated for most of the intervening time (*see People v Watson*, 112 AD3d 501, 502-503 [1st Dept 2013], *lv denied* 22 NY3d 863 [2014]). Moreover, defendant's most recent drug conviction was for possession of drugs in prison while incarcerated in California for the underlying sex offense.

The court also correctly assessed 15 points under the risk factor for lack of supervised release, based upon the unsatisfactory termination of defendant's supervision in California following his release on the underlying sex crime conviction, and the court's assessment of points for both unsatisfactory conduct while supervised and release without supervision did not constitute double counting (*see People v Corn*, 128 AD3d 436, 436-437 [1st Dept 2015]).

The court properly exercised its discretion when it declined to grant a downward departure (*see People v Gillotti*, 23 NY3d 841 [2014]). Defendant did not demonstrate any mitigating factors not already taken into account in the risk assessment instrument that would warrant a downward departure, given the egregiousness of the underlying offense. Concur—Friedman, J.P., Acosta, Saxe, Gische and Webber, JJ.