Order, Supreme Court, New York County (Juan M. Merchan, J.), entered on or about April 21, 2016, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
 

 The court providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The probative value of defendant’s Static-99 score is limited because that assessment inadequately considers the underlying sex crime and the potential for harm in the event of reoffense (see People v Rodriguez, 145 AD3d 489, 490 [2016], lv denied 28 NY3d 916 [2017]; People v Roldan, 140 AD3d 411, 412 [1st Dept 2016], lv denied 28 NY3d 904 [2016]). The other mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument, and were outweighed by the seriousness of the underlying crime (see People v McNeely, 124 AD3d 433 [1st Dept 2015], lv denied 25 NY3d 908 [2015]).
 

 The hearing court’s incorrect reference to the clear and convincing evidence standard does not require a new hearing, because use of the correct preponderance of the evidence standard would not have affected the result (see People v Corn, 128 AD3d 436 [1st Dept 2015]).
 

 Concur — Tom, J.P., Manzanet-Daniels, Mazzarelli, Oing and Singh, JJ.