People v Pollack (2018 NY Slip Op 01419)





People v Pollack


2018 NY Slip Op 01419


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Sweeny, J.P., Renwick, Tom, Mazzarelli, Oing, JJ.


5888 2855/07

[*1]The People of the State of New York, Respondent,
v
Robert Pollack, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Molly Schindler of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Kelly L. Smith of counsel), for respondent.



Order, Supreme Court, New York County (Charles H. Solomon, J.), entered on or about September 19, 2016, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court correctly assessed 20 points under the risk factor for relationship (i.e. stranger) with victim, because clear and convincing evidence established that defendant and the victim were strangers within the meaning of the Guidelines, having only met within 24 hours of the crime (see People v Corn, 128 AD3d 436, 437 [1st Dept 2015]; People v Serrano, 61 AD3d 946, 947 [2d Dept 2009], lv denied 13 NY3d 704 [2009]; People v Gaines, 39 AD3d 1212 [4th Dept 2007], lv denied 9 NY3d 803 [2007]). The fact that defendant and the victim spent the night together before defendant forcibly raped her the next morning does not undermine a finding that they were strangers.
Defendant's claim that the court incorrectly assessed five points for inflicting physical injury is academic because subtraction of those five points would not affect defendant's risk level (see Corn, 128 AD3d at 437). In any event, the determination that defendant caused substantial pain to the victim was also supported by clear and convincing evidence (see People v Chiddick, 8 NY3d 445, 447-448 [2007]).
In light of these determinations, we find it unnecessary to address any other issue.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK