People v Barcliff (2018 NY Slip Op 07042)





People v Barcliff


2018 NY Slip Op 07042


Decided on October 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2018

Renwick, J.P., Richter, Kahn, Gesmer, Singh, JJ.


7407 5206/12

[*1]The People of the State of New York, Respondent,
v
Jackie Barcliff, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Lawrence T. Hausman of counsel), and Milbank, Tweed, Hadley & McCloy LLP, New York (Thomas A. Quinn of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sabrina Margret Bierer of counsel), for respondent.



Order, Supreme Court, New York County (Eduardo Padró, J.), entered on or about April 16, 2015, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court correctly assessed 20 points under the risk factor for relationship (i.e. stranger) with the victim, because clear and convincing evidence established that defendant and the victim were strangers within the meaning of the Guidelines, having only met within 24 hours of the crime (see People v Pollack, 159 AD3d 435 [1st Dept 2018], lv denied 31 NY3d 909 [2018]; People v Corn, 128 AD3d 436, 437 [1st Dept 2015]), particularly where, at the time of the crime, defendant was 44 years old and the victim was 14.
We also find that there was no overassessment of points for defendant's prior record, and that the court providently exercised its discretion in declining to grant a downward departure from defendant's presumptive risk level (see People v Gillotti, 23 NY3d 841, 861 [2014]). The mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument, or were outweighed by the seriousness of the underlying offense.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 23, 2018
CLERK