People v Lacy (2020 NY Slip Op 03728)





People v Lacy


2020 NY Slip Op 03728


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Richter, J.P., Kapnick, Webber, Gesmer, Moulton, JJ.


11741 30068/17

[*1] The People of the State of New York, Respondent,
v
Ronnie Lacy, Defendant-Appellant.


Christina Swarns, Office of the Appellate Defender, New York (Angie Louie of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Aaron Zucker of counsel), for respondent.



Order, Supreme Court, New York County (Daniel P. FitzGerald, J.), entered on or about September 21, 2017, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in granting an upward departure (see generally People v Gillotti, 23 NY3d 841, 861-862 [2014]). Clear and convincing evidence established aggravating circumstances that were not accounted for by the risk assessment instrument, consisting of defendant's prior sex offenses, which were disposed of after the Board assessed defendant's risk for this case (see People v Encarnacion-Diaz, 165 AD3d 490 [1st Dept 2018]). These offenses "demonstrated an extremely high risk of recidivism, and [defendant's] argument that the type of misconduct in which he habitually engages is not serious enough to warrant a level three designation is unpersuasive" (People v Corian, 77 AD3d 590, 590 [1st Dept 2010], lv denied 16 NY3d 705 [2011]).
Defendant's argument that the court erroneously assessed certain points is academic, because subtraction of those points would not affect his presumptive risk level, from which, as we have determined, the court justifiably departed (see People v Corn, 128 AD3d 436, 437 [1st Dept 2015]). In any event, the points were correctly assessed. We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK