People v McCollum (2021 NY Slip Op 03919)





People v McCollum


2021 NY Slip Op 03919


Decided on June 17, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 17, 2021

Before: Manzanet-Daniels, J.P., Kapnick, González, Shulman, JJ. 


Ind No. 99059/15 Appeal No. 14095 Case No. 2017-1509 

[*1]The People of the State of New York, Respondent,
v
David McCollum, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Jose David Rodriguez-Gonzalez of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Diana J. Lewis of counsel), for respondent.



Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about March 17, 2017, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (C0rrection Law art 6-C), unanimously affirmed, without costs.
The court properly exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). Defendant failed to identify "mitigating circumstances . . . of a kind or to a degree not taken into account by the guidelines" and to "adduce[] sufficient evidence" showing that such circumstances "actually exist in the case at hand" (id. at 861). Defendant did not show that his response to sex offender treatment and efforts at rehabilitation during his incarceration were exceptional, and his reliance on independent risk assessments, which were not submitted in court and about which no testimony was proffered, is unavailing (see People v Desnoyers, 180 AD3d 1080, 1081 [2d Dept 2020]; People v Cruz, 154 AD3d 610 [1st Dept 2017]). Aggravating factors, including the circumstances of the underlying offense, also weighed against a downward departure.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2021