People v Pelletier (2021 NY Slip Op 05425)





People v Pelletier


2021 NY Slip Op 05425


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


788 KA 20-01371

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AUSTIN PELLETIER, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Michael L. Dollinger, J.), entered September 25, 2020. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court engaged in impermissible double counting by assessing points against him under risk factors 12, 13 and 14 based on the same underlying conduct. We reject that contention. Defendant was properly assessed points under risk factor 12 because he refused to participate in sex offender treatment due to his unwillingness to abide by Internet restrictions, and he was properly assessed points under risk factor 13 because he violated the terms and conditions of his probation. The violations in question concerned not only defendant's refusal to continue with treatment, but also his impermissible use of the Internet for sexually related purposes.
With respect to risk factor 14, there is no dispute that defendant was released from jail in Oklahoma without any supervision, and that he had no supervision when he moved to New York. Although defendant's release from jail without supervision was the result of his being terminated from probation, the assessment of points under both risk factor 13 and risk factor 14, based on his unsatisfactory conduct while supervised and his release without supervision, respectively, does not constitute improper double counting (see People v Cruz, 139 AD3d 601, 602 [1st Dept 2016]; see also People v Corn, 128 AD3d 436, 436-437 [1st Dept 2015]).
In the alternative, defendant contends that the court should have granted his request for a downward departure to risk level one. Although we agree with defendant that he met his burden of establishing the existence of appropriate mitigating factors by a preponderance of the evidence (see generally People v Gillotti, 23 NY3d 841, 861 [2014]), we conclude that the court did not abuse its discretion in denying his request for a downward departure (see People v Wooten, 136 AD3d 1305, 1306 [4th Dept 2016]).
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court