People v Gonzalez (2022 NY Slip Op 05807)

People v Gonzalez

2022 NY Slip Op 05807

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Acosta, P.J., Renwick, Webber, Singh, Moulton, JJ. 

SCI. No. 4500/18 Appeal No. 16479 Case No. 2020-04895 

[*1]The People of the State of New York, Respondent,
v
Wilfredo Gonzalez, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Jody Ratner of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jillian Lewis of counsel), for respondent.

Order, Supreme Court, New York County (Althea E. Drysdale, J.), entered or about November 18, 2020, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in granting an upward departure (see generally People v Gillotti, 23 NY3d 841, 861-862 [2014]). Clear and convincing evidence established aggravating circumstances that were not accounted for by the risk assessment instrument, including defendant's two prior convictions for forcible touching on subway trains, which reflect facts similar to those that underlie his most recent forcible touching conviction. Defendant committed his most recent sex offense only three months after his release from incarceration in connection with his second forcible touching conviction. In addition, defendant had already been adjudicated a level one offender, and his misconduct violated a condition of his parole that precluded him from riding trains. Under the totality of circumstances, defendant's conduct demonstrates an inability to control his behavior, and a potential danger to the public that was not adequately accounted for by way of point assessments (see People v Lacy, 185 AD3d 416 [1st Dept 2020], lv denied 35 NY3d 916 [2020]; People v Taylor, 154 AD3d 524 [1st Dept 2017], lv denied 30 NY3d 909 [2018]). The mitigating factors cited by defendant relied upon were outweighed by the aggravating factors.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022