People v Rivera (2023 NY Slip Op 00183)

People v Rivera

2023 NY Slip Op 00183

Decided on January 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 17, 2023

Before: Kapnick, J.P., Friedman, Kennedy, Mendez, Shulman, JJ. 

Ind. No. 99012/17 Appeal No. 17107 Case No. 2017-1524 

[*1]The People of the State of New York, Respondent,
v
Edwin Rivera, Defendant-Appellant.

Justine M. Luongo, The Legal Aid Society, New York (Steven J. Miraglia of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Reva Grace Phillips of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about March 24, 2017, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court correctly assessed 15 points under the risk factor for release without supervision. The record establishes that defendant failed to satisfactorily complete his term of probation in connection with the underlying Massachusetts sex offense, inasmuch as he violated probation and was required to serve a period of incarceration (see People v Cruz, 139 AD3d 601, 602 [1st Dept 2016]).
Defendant did not preserve his challenge to the assessment of 10 points under the risk factor for lack of acceptance of responsibility, and we decline to review it in the interest of justice. In any event, defendant did not show a genuine acceptance of responsibility, and the record does not establish that these points were assessed in violation of defendant's Fifth Amendment right against self-incrimination (compare
People v Krull, 208 AD3d 163 [1st Dept 2022]).
The court properly exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument, or were outweighed by the gravity of the underlying sexual offense against a child and defendant's lengthy criminal history. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 17, 2023