People v McKenzie (2024 NY Slip Op 05145)

People v McKenzie

2024 NY Slip Op 05145

Decided on October 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2024

Before: Renwick, P.J., Moulton, Friedman, Higgitt, Rosado, JJ. 

Ind No. 3505/15 Appeal No. 2844 Case No. 2019-5867 

[*1]The People of the State of New York, Respondent,
v
Cecil McKenzie, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Robin Richardson of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jennifer Mitchell of counsel), for respondent.

Order, Supreme Court, New York County (Robert M. Stolz, J.), entered on or about July 16, 2019, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Defendant's prior felony sex crime convictions automatically resulted in an override to risk level three. The only material issue is whether defendant should be granted a downward departure to risk level two. We find that the court providently exercised its discretion when it declined to grant a downward departure, as there were no mitigating factors that were not adequately accounted for by the guidelines or outweighed by aggravating factors (see People v Gillotti, 23 NY3d 841 [2014]). Defendant failed to establish that his response to sex offender treatment was so exceptional as to warrant a downward departure (see People v Tugwell, 210 AD3d 507 [1st Dept 2022], lv denied 39 NY3d 911 [2023]), and his argument that the type of misconduct the record establishes that he has habitually engaged in is not grave enough to warrant a level three designation has been rejected by this Court (see People v Lacy, 185 AD3d 416, 417 [1st Dept 2020], lv denied 35 NY3d 916 [202o]; People v Doctor, 108 AD3d 413 [1st Dept 2013], lv denied 21 NY3d 866 [2013]). Finally, contrary to defendant's contention, there is no overassessment of the risk of re-offense by "double counting" where points are scored for prior criminal history with respect to a defendant who was designated a risk level three based on the automatic override for offenders with prior felony sex crime convictions and not the point scoring (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2024