People v Harris (2025 NY Slip Op 03258)

People v Harris

2025 NY Slip Op 03258

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Moulton, J.P., Friedman, Scarpulla, O'Neill Levy, Michael, JJ. 

Ind. No. 74832/22|Appeal No. 4456|Case No. 2023-02666|

[*1]The People of the State of New York, Respondent,
v
Aundray Harris, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Nicole P. Geoglis of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Faith DiTrolio of counsel), for respondent.

Order, Supreme Court, New York County (Kate Paek, J.), entered on or about March 31, 2023, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Defendant's challenge to the factor 14 points for release without supervision is academic because subtraction of the 15 points assessed would render his score 90 points and would not affect the presumptive risk level (see People v Corn, 128 AD3d 436, 437 [1st Dept 2015]; see People v Mingo, 12 NY3d 563, 568, n 2 [2009]). In any event, clear and convincing evidence supported the assessment of 15 points under that risk factor because defendant failed to satisfactorily complete his term of probation in connection with the underlying Florida sex offense, and was required to serve a period of incarceration, after which he was released without supervision (see People v Rivera, 212 AD3d 483, 484 [1st Dept 2023], lv denied 39 NY3d 912 [2023]).
We perceive no basis to grant a downward departure to a level one offender, which the hearing court providently denied (see People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant's proffered mitigating factors were adequately taken into account by the risk assessment instrument, or they were outweighed by aggravating factors such that a downward departure is not warranted (id.).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025