People v Prado
2026 NY Slip Op 03404
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Jose Prado, Defendant-Appellant.

Decided and Entered: June 02, 2026
Ind No. 336/19|Appeal No. 6789|Case No. 2024-05538|
Before: Manzanet-Daniels, J.P., Kennedy, Mendez, Michael, Hagler, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alec D. Miran of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Oliver Lee of counsel), for respondent.

[*1]
Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about August 15, 2024, which adjudicated defendant a level three sexually violent predicate sex offender pursuant to the Sex Offender Registration Act (Correctional Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in declining a downward departure (see generally People v Gillotti, 23 NY3d 841, 861 [2014]), and we perceive no basis to substitute our discretion and grant a downward departure to a level two adjudication.
Defendant did not contest that the People's proof supported an override to a presumptive level three designation, namely, a prior felony sex conviction (see People v McFarland, 138 AD3d 496, 497 [1st Dept 2016], lv denied 27 NY3d 911 [2016]). Defendant, however, argues that the automatic override to a level three designation based on his prior sex conviction effectively obviated any consideration of the risk assessment instrument factors. Defendant also contends that the added supervision and treatment he will likely receive while civilly committed pursuant to article 10 of the Mental Hygiene Law should be considered as a mitigating factor in support of his downward departure request. However, when an override applies "the three step Gillotti analysis [still] applies in full," and factors already taken into account by the risk assessment instrument will generally not be considered as mitigation when offered in support of a downward departure request (see People v Lafrem, 242 AD3d 644, 644 [1st Dept 2025]; People v Williams, 238 AD3d 457, 457 [1st Dept 2025]). As the matters of defendant's supervision and treatment have been taken into account by the risk assessment instrument to the extent he was not scored points under risk factors 12 and 14, such factors will not be considered in mitigation (see People v Cruz, 139 AD3d 601, 602 [1st Dept 2016]). Moreover, defendant's argument that he is likely to have an exceptional response to treatment given the intensive care program provided at an OMH facility, is speculative at this juncture.
[*2]
Any mitigating factors offered by defendant are outweighed by aggravating circumstances, particularly where defendant perpetrated the instant sexual offense only weeks after his release from incarceration related to his prior felony sex offense. In each case, defendant targeted young children and lured them away to where he could perpetrate his sexual offenses against them (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 11 [2006] ["Offenders who target young children as their victims are more likely too reoffend. Moreover, such offenders pose a heightened risk to public safety since young children lack the physical strength to resist and can be more easily lured into dangerous situations than adults"]; see also People v Richardson, 47 AD3d 905 [2d Dept 2008], lv denied 10 NY3d 709 [2008]). Furthermore, defendant acknowledges he suffers from a mental abnormality that decreases his ability to control impulsive sexual behavior, and this factor alone provides separate grounds for an automatic override to a presumptive level three designation (see Sora Guidelines at 4; cf. People v McKelvin, 127 AD3d 440, 440 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026